*359
 
 Nash, J.
 

 This is an action of Trover, brought to recover the value of a justice’s judgment converted by the defendants to their own use. The plaintiff had recovered a judgment before a single magistrate, which he had placed in the hands of Summerlin, the deputy sheriff, and one of the defendants for collection. He transferred it to Taylor, by whom it was collected, and the money divided between all the defendants, by previous agreement. Several points were raised in the argument below. We do not feel 'called on to give an opinion on but one, and that is the firsi. The Court instructed the jury, that an action of trover can be maintained for the conversion of a justice’s judgment. Believing there is error in this opinion, as it lies at the foundation of the plaintiff’s right of action, we have confined our
 
 attention to it.
 

 His Honor was well justified in giving the opinion he did, as such had been declared by Judge Halt, to be the law in delivering the opinion of the Court in the case,
 
 Hedspeth
 
 against
 
 Wilson, 2 Dev.
 
 R. 370. Upon examination of that case it will be found, that the judgment was for the defendant, and the only point in the case was, whether property, fairly won at gambling, and delivered by the loser to the winner, could, by the former, be recovered back. As the judgment below was in favor of the defendant on that point, and the Supreme Court coin-, cided in its correctness, it was unnecessary to decide the other. And believing it incorrect we feel at liberty to. revise it. To support the action of trover, the plaintiff must have in himself, at the time of the conversion, the right of property, either general or special, and also must, in general, have in himself, the exclusive right of possession.
 
 Brown on actions at Law,
 
 433-’4,
 
 29th L. Lib.
 
 309,. 310. A Justice’s judgment, is neither goods, nor chattels, nor has the plaintiff a property in it — and, if he has, it is not an exclusive property. It is well established that tro-ver will not lie for a record.
 
 Bro. on Ac. 435, 29th Law Lib.
 
 31
 
 1t, 6h
 
 Ba,
 
 Ab, Trov. Letter D,
 
 687,
 
 Hard.
 
 111, be
 
 *360
 
 cause it is not private property. So neither is a judgment given by a single magistrate. It is true, it is not a record • — but it has one essential quality of a record. It concludes the parties from denying the facts it affirms. These judgments are the judgments of a Court regularly constituted by law, and pointed out fey the legislative will, for their government. The acts of a Court, so constituted, cannot be private property. They are muniments, in which both parties to them have an interest — but neither an exclusive one. To the plaintiff, it is the evidence of a legal obligation on the defendant to pay, and; to the’ latter a protection from further liability on the original cause of action. In the case of
 
 Hamilton
 
 against
 
 Wright and Parish,
 
 4 Hawk. 288, his Honor Judge Hall calls a Justice’s judgment “ a public writing,” and Judge Hex-deusox, while he argues to show it is not a record, treats it as an
 
 act of a Court,
 
 having, in common with records, the quality of concluding- the parties from denying their affirmation. If then a Justice’s judgment is not a record, it is
 
 quasi
 
 one. It is a public writing, which, from' its nature, cannot belong to any one as a matter of property ■ — but it belongs to the Justice, who gave it, as a public custodier, to be kept by him until drawn out
 
 of
 
 his hands by the regular requirements of the law.
 

 Other questions are presented by the record — in some of which we do not concur with the presiding Judge. It would, however, do the plaintiff no good to grant him a new trial, as the judgment must still be against him.
 

 For this reason the judgment is affirmed.
 

 Pel Cuiuam. Judgment reversed and
 
 venire de novc¡.